UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60101-CR-SMITH/VALLE

UNITED STATES OF AMERICA

vs.

PAUL GERACI,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Paul Geraci (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1, conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. 

2. This Office agrees to seek dismissal of Counts 5-8, 13, 14, 16, and 18 of the Indictment after sentencing. 

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that   



the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty years, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose as to each count of conviction a maximum fine the greater of $250,000, twice the gross gain to the defendant, or twice the gross pecuniary loss incurred by the victims in this case, and the Court must order restitution. The defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay. 

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations  

2



contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced within the advisory guideline range as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; or (b) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court, this Office and the defendant agree that, at sentencing:

    (a)    <u>Base Offense Level</u>: The Defendant's base offense level is seven (7), in accordance with U.S.S.G. § 2B1.1(a)(1);

3



(b) <u>Loss</u>: The Defendant's offense level shall be increased by sixteen (16) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(I) because the loss to the victims was between $1,500,000 and $3,500,000;

(c) <u>Mass Marketing</u>: The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(ii), as the offense was committed through mass marketing; and

(d) <u>Aggravating Role</u>: It is the United States' position that the Defendant's offense level shall be increased by three (3) levels pursuant to U.S.S.G. § 3B1.1(b) because of the role played by the Defendant in the criminal offense – specifically, his role as the manager or supervisor of a criminal activity involving five or more participants. The Defendant may present arguments that he should not receive an enhancement for his role in the offense.

8. The defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations. The parties agree not to seek any other enhancements or variances. The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the applicable guidelines range

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding



4

on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant agrees, in an individual capacity and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any and all property, real or personal, which constitutes or is derived from proceeds traceable to the fraudulent scheme pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of $1,270,073 in U.S. currency, which sum represents the value of the property subject to forfeiture; and

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property and money judgment. The defendant agrees to waive the right to a jury trial on the forfeiture. The defendant agrees to waive any appeal for the forfeiture and the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification



5

of any judicial or administrative forfeiture proceedings brought against property subject to forfeiture based on the allegations in the indictment.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture

13. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the defendant is pleading guilty are unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statutes. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals 

the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

14. In the event the Defendant withdraws from this Agreement prior to pleading guilty or breaches the Agreement before or after he pleads guilty to the charges identified in paragraph 2 above or otherwise fails to fully comply with any of the terms of this Agreement, this Office will be released from its obligations under this Agreement, and the Defendant agrees and understands that: (a) the Defendant thereby waives any protection afforded by any proffer letter agreements between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by the Defendant as part of plea discussions, any debriefings or interviews, or in this Agreement, whether made prior to or after the execution of this Agreement, will be admissible against the Defendant without any limitation in any civil or criminal proceeding brought by the Government; and (b) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to this Agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or this Office.

15. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZAELZ
UNITED STATES ATTORNEY

Date: 6/9/22      By: _____
ELIZABETH YOUNG
ASSISTANT U.S. ATTORNEY

Date: 6/3/22      By: _____
ANDREW FELDMAN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 6/3/22      By: _____
PAUL GERACI
DEFENDANT

8